### "DANBURY" AS A TRADE-NAME.

Circuit Court of Cuyahoga County.

THE W. F. MASON HAT COMPANY v. M. C. ABBEY ET AL.

Decided, December 27, 1910.

*Injunction—Trade-Name—"Danbury" Hats.*

In an action to enjoin the use of the word "Danbury" in connection with the hat business, where the evidence shows that there are some seventy factories in Danbury, Connecticut, which manufacture hats and that hats made at all of them are called Danbury hats and have been sold by dealers generally as Danbury hats from a time antedating the establishment of plaintiff's business, the relief prayed for will be denied.

*Hidy, Klein & Harris,* for plaintiff in error.
*Huggett & Collins* and *C. V. Hull,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.
Motion to dissolve restraining order.

Plaintiff and defendant are both dealers in hats. Plaintiff has several stores in Cleveland, one of which is on East Fourth street. At all of these stores for several years plaintiff has had signs displayed reading "Mason's Danbury Hat Store," and has established a reputation in its business by the use of said trade-name, which is of great value in its business.

Defendants have recently opened a store directly opposite plaintiff's East Fourth street store and when they started business they displayed a sign reading: "This store when completed, about September 1st, will be the headquarters of the famous $2 Danbury Hats, Union Made. The Danbury Hat Company. M. C. Abbey, H. E. Cranley."

This sign they have discontinued using, but are still advertising that they sell "Danbury hats" and have a sign displayed to that effect.

It is conceded, on the motion, that there is a town in Connecticut named "Danbury," in which there are at least thirty factories making hats; that said hats are known to the retail trade in Cleveland and other places as "Danbury" hats and have been sold, as such, by many dealers in Cleveland ever since before the plaintiff was in the hat business.

The prayer of the petition is to restrain the defendants from using the word "Danbury" in its trade-name or in its advertising.

The defendants say that they have discontinued the use of said sign, but assert their right to advertise by signs, and otherwise that they are dealing in "Danbury hats."

We think the sign first used came within the forbidden limits of unfair trade, but as defendants disclaim any intention to use said sign again, no injunction on that ground should now be granted against them.

As to the use of the word "Danbury," plaintiff claims that it uses said name indiscriminately on all the goods sold by it, without reference to the place of manufacture, in a fictitious sense, merely to indicate ownership and origin, independent of location.

Defendants claim that they use the word "Danbury" to advertise the fact that they sell hats made in Danbury.

From the affidavits on file it appears that hats made in Danbury have been sold as "Danbury" hats by dealers generally in Cleveland, from a time antedating the establishment of Mason's stores.

If such is the case, the plaintiff has not established its right to the use of the word "Danbury" as a trade-name.

The conclusion, therefore, is that the plaintiff has failed to show that it has an exclusive right to use the word "Danbury" as a trade-name in connection with its hat business and that there is no showing made that defendants threaten or intend to engage in any unfair competition in trade.

The authorities sustaining this conclusion are found in the briefs of counsel for defendants and in Chapter IX of *Nims on Unfair Business Competition*, beginning at page 226 and cases cited therein.

The motion to dissolve the restraining order is granted.